# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| **BARBARA GALBREATH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | Case No. 10-2065 |
| **WAL-MART STORES, INC.,** ) | |
| **doing business as Wal-Mart,** ) | |
| ) | |
| **Defendant.** ) | |

# ORDER

In October 2009, Plaintiff Barbara Galbreath filed a complaint (#1) in Coles County against Defendant Wal-Mart Stores, Inc., seeking compensation for personal injuries and pain and suffering resulting from her fall in a Wal-Mart store. Defendant removed the case to the United States District Court for the Central District of Illinois, pursuant to 28 U.S.C. § 1446. Federal jurisdiction is based on diversity pursuant to 28 U.S.C. §1332. The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. Both parties agree that this Court, as a federal court sitting in diversity, should apply Illinois substantive law. *Camp v. TNT Logistics Corp.,* 553 F.3d 502, 505 (7th Cir. 2009).

In October 2010, Defendant filed Defendant Wal-Mart Stores, Inc.'s Motion for Summary Judgment (#9). Plaintiff filed Plaintiff's Response to Defendant Wal-Mart Stores, Inc.'s Motion for Summary Judgment (#12), and Defendant filed Defendant Wal-Mart Stores, Inc.'s Motion to Strike Plaintiff's Response to Defendant's Motion for Summary Judgment, or, In the Alternative, Defendant's Reply (#13). After reviewing the parties' pleadings, memoranda, and evidence, this Court **GRANTS** Defendant Wal-Mart Stores, Inc.'s Motion for Summary Judgment **(#9)**.

## I. Factual Background

The following discussion summarizes Plaintiff's allegations and the evidence presented by both parties in the light most favorable to Plaintiff. Defendant, Wal-Mart Stores, Inc., (hereinafter "Wal-Mart"), a Delaware corporation, owns and operates a store in Charleston, Coles County, Illinois. (#1-4, p. 1, ¶ 2.) Plaintiff, Barbara Galbreath, alleges at the time she

visited Wal-Mart, on the evening of March 8, 2008, there was a deposit on the floor of a yellow, fatty, oily substance, which appeared to be butter, oleo, margarine, or butter flavored Crisco. (#1-4, p. 1, ¶ 3, 5.) Plaintiff slipped and fell on the substance on the floor of the store. (Pl. Dep. #10-1, p. 4.) At her deposition, she testified that she entered the store alone, retrieved a shopping cart and began walking down the aisle near the cash registers. (Pl. Dep. #10-1, p. 2-3.) Plaintiff testified that she was not in the store more than five minutes before the fall and she did not see anything on the floor prior to slipping. (Pl. Dep. #10-1, p. 3-4.) The first person Plaintiff spoke with after her fall was "the person at the ten or less checkout"; she explained to that person that there was butter on the floor and she did not want anyone else to fall. (Pl. Dep. #10-1, p. 6.)

Plaintiff claims that as a result of her fall, she was severely injured and sought the care and treatment of physicians and surgeons, and lost time from her normal pursuits, was disabled and disfigured. (#1-4, p. 2, ¶ 11.) She admitted, during her deposition, that she had no knowledge regarding where the margarine came from, how long it had been on the store's floor prior to the fall, or whether any Wal-Mart employee was aware of its alleged presence on the floor. (Pl. Dep. #10-1, p. 6.) She testified that she did not know of anyone who saw her slip. (Pl. Dep. #10-1, p. 6.) She did not disclose any other witnesses. Associate Joshua Fulk, who was working at the cash register nearest to the alleged substance, testified that he had no knowledge of any Wal-Mart employees that knew there was any butter on the ground prior to the fall. ( #10-2, p. 2-3.)

## II. Legal Standard

The Court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In ruling on a motion for summary judgment, the Court must decide, based on admissible evidence, whether any material factual dispute exists that requires trial. *Waldridge v. Am. Hoechst Corp.,* 24 F.3d 918, 920 (7th Cir. 1994). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party . . . . If the evidence is merely colorable . . . or is not significantly probative, . . . summary judgment may be granted." *Anderson v. Liberty Lobby,* 477 U.S. 242, 249

(1986)(citations omitted). The party seeking summary judgment bears the initial burden of showing that no such issue of material fact exists. *Celotex Corp., v. Catrett,* 477 U.S. 317, 323 (1986).

The Court must draw all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, the nonmoving party may not rest upon mere allegations in the pleadings or upon conclusory statements in the affidavits; rather, he must go beyond the pleadings and support his contentions with proper documentary evidence. *Celotex,* 477 U.S. at 322-23. Because the purpose of summary judgment is to isolate and dispose of factually unsupported claims, the nonmoving party must respond to the motion with evidence setting forth specific facts showing that there is a genuine issue for trial. *See* FED. R. CIV. P. 56(a); *Albiero v. City of Kankakee,* 246 F.3d 927, 932 (7th Cir. 2001). To successfully oppose a motion for summary judgment, the nonmoving party must do more than raise a "metaphysical doubt" as to the material facts, and instead must present definite, competent evidence to rebut the motion. *Wolf v. Nw. Ind. Symphony Soc'y,* 205 F.3d 1136, 1141 (7th Cir. 2001); *Albiero,* 246 F.3d at 932.

The Seventh Circuit has often stated that summary judgment is "not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Hammel v. Eau Calle Cheese Factory,* 407 F.3d 852, 859 (7th Cir. 2005). Plaintiff's speculations and conclusions are not enough to survive a motion for summary judgment. *Weeks v. Samsung Heavy Inds.,* 126 F.3d 926, 934 (7th Cir. 1997). If, after discovery has closed, plaintiff has failed to establish an element of his cause of action, summary judgment should be granted to defendant. *Whetstine v. Gates Rubber Co.,* 895 F.2d 388, 393 (7th Cir. 1990).

### III. Analysis
### A. Overview of Claims

Plaintiff apparently brings a claim under both theories of premises liability and ordinary negligence. Even though Plaintiff, in her response to Defendant's Motion for Summary Judgment, argues that she brings a claim based purely on ordinary negligence, her complaint sets

3

forth the elements of a premises liability cause of action. Accordingly, this Court will also briefly review Plaintiff's theory under premises liability.

Plaintiff argues Defendant owed her a duty to exercise reasonable care to see that the property was reasonably safe for the use of those lawfully on the premises, that the butter constituted an unreasonable risk of harm to the people on the property, and that because butter was sold by Defendant, it is charged with constructive notice of the condition and the risk it posed. Plaintiff alleges Defendant was negligent in one or more of the following ways: Defendant (1) allowed the butter to remain on the floor; (2) failed to have an inspection program which would have found the butter in a timely manner;[1] (3) failed to clean the butter in a timely manner;[2] and (4) failed to warn the patrons of the presence of butter on the floor in the vicinity where Plaintiff fell. Plaintiff argues Defendant's negligence was the proximate cause of her injuries.

Under Illinois law, in order to overcome Defendant's motion to dismiss, Plaintiff must have raised a genuine issue of material fact, that:

> (a) the substance was placed there by the negligence of the owner or his employees, or (b) the substance was on the premises through acts of third persons. If, as here, there is no showing how the substance got there, liability may be imposed if it appears that (a) the owner or his employees knew of its presence, or (b) the substance was there a length of time so that in the exercise of ordinary care its presence should have been discovered.

*Tomczak v. Planetshphere, Inc.,* 735 N.E.2d 662, 667 (Ill. App. Ct. 2000). Defendant notes that there is no evidence regarding how long the butter had been on the floor or how it ended up on the floor. Consequently, Plaintiff cannot establish Defendant's liability, regardless of whether

---

[1]Plaintiff presents no evidence as to whether an inspection program did not exist or whether an existing one was deficient.

[2]Plaintiff presents no evidence regarding the amount of time the butter had been on the floor.

4

the theory of liability is premises liability or ordinary negligence. The Court will now discuss the sufficiency of Plaintiff's evidence with respect to each theory: premises liability and ordinary negligence.

## B. Premises Liability

To prevail on a claim of premises liability, Plaintiff must show: (1) there was a condition on the premises which presented an unreasonable risk of harm to people on the property; (2) the Defendant knew or in the exercise of reasonable care should have known of both the condition and the risk ("constructive notice"); (3) the Defendant could reasonably expect people on the property would not discover the danger or would fail to protect themselves against such danger; (4) the Defendant was negligent in one or more ways (e.g., failing to remedy or warn of the risk or failing to exercise reasonable care to protect people against the danger); (5) the Plaintiff was injured; and (6) the Defendant's negligence was a proximate cause of the Plaintiff's injury. *Hope v. Hope,* 924 N.E.2d 581, 584 (Ill. App. Ct. 2010); *Simich v. Edgewater Beach Apartments Corp.,* 857 N.E.2d 934, 945 (Ill. App. Ct. 2006).

The parties' main dispute is element (2), which requires the Plaintiff to show the Defendant had constructive notice of the dangerous condition. Plaintiff, rather than offering evidence that Defendant should have known of the butter on the floor, claims that she need not establish this element because her action is brought under an ordinary negligence theory.

The Illinois Supreme Court explains how the element of constructive notice may be satisfied:

> [I]f the substance was on the premises through acts of third persons or there is no showing how it got there, liability may be imposed if it appears that the proprietor or his servants knew of its presence, or that the substance was there a sufficient length of time so that in the exercise of ordinary care its presence should have been discovered.

*Olinger v. Great Atlantic & Pacific Tea Co.,* 173 N.E.2d 443, 445 (Ill. 1961). To provide just a few examples of how the element of constructive notice could be satisfied, a plaintiff could

5

demonstrate that the substance remained on the floor for an extended period of time, that a defendant did not employ an inspection program, or that other customers had noticed the substance before a plaintiff's fall.

Here, Plaintiff presents the following argument related to constructive notice: "[T]he location of the butter spill *was in such a place* that an employee of Wal-Mart *should have seen* the spill with *reasonable inspection* . . . ." (emphasis added). (#12-1, p.1, ¶ 2.) However, Plaintiff later asserts that the condition was not "open and obvious" and that "a substance similar in color to the floor would be very difficult for a reasonable person to see."[3] (#12-1, p. 5, ¶ 2.) Without more, it would be pure speculation for a jury to find that an employee of Wal-Mart should have discovered the substance, as there is no information regarding the length of time the substance remained on the floor. In discussing summary judgment, one Illinois court has stated:

> [W]here from the proven facts the nonexistence of the fact to be inferred appears to be just as probable as its existence, then the conclusion that it exists is a matter of speculation, surmise, and conjecture, and the trier of fact cannot be allowed to draw it . . . . It has also been stated that a fact cannot be established by circumstantial evidence unless the circumstances are of such a nature and so related to each other that it is the only probable, and not merely possible, conclusion that can be drawn therefrom.

*Wiegman v. Hitch-Inn Post of Libertyville, Inc.,* 721 N.E.2d 614, 620 (Ill. App. Ct. 1999) (citation omitted). Thus, this Court concludes that Defendant has shown there is no dispute of material fact and Plaintiff has failed to establish the element of constructive notice required to sustain a claim under a theory of premises liability.

### C. Ordinary Negligence

The Illinois Supreme Court has made clear that when defendants are involved in creating the hazard, notice is not required to be established by plaintiffs (i.e., "when [plaintiff] can show the substance was placed on the premises through defendant's negligence"). *Reed v. Wal-Mart Stores, Inc.,* 700 N.E.2d 212, 214 (Ill. App. Ct. 1998). However, "if there is no showing of how [a foreign substance came to be on the floor], there must be evidence of sufficient notice to the

---

[3]Plaintiff does not submit evidence or testimony concerning the location of the fall.

defendant of the presence of the substance, so that defendant, in exercising ordinary care, would have discovered it." *Mikkelson v. Young Men's Christian Ass'n,* 317 F.2d 78, 79 (7th Cir. 1963). The elements of ordinary negligence are summarized:

> To prevail in a negligence action, the plaintiff must prove that the defendant owed a duty of reasonable care to the plaintiff, that the defendant breached the duty, and that the breach was the proximate cause of plaintiff's injury . . . . It is well settled that liability cannot be predicated upon surmise or conjecture as to the cause of an injury, and therefore proximate cause can be established only when there is a reasonable certainty that the defendant's act caused the injury . . . . However, it is not essential that causation be shown by direct evidence . . . . Causation may be established by facts and circumstances which, in light of ordinary experience, reasonably suggest that the defendant's negligence operated to produce the injury.

*Wiegman v. Hitch-Inn Post of Libertyville,* 721 N.E.2d 614, 620 (Ill. App. Ct. 1999) (citations omitted). Thus, Plaintiff must show that Defendant's negligence operated to produce her injury by either showing: (1) that Defendant was negligent directly, by causing the butter to be on the floor or (2) that it was through Defendant's negligence in failing to maintain the premises in a safe condition that the butter remained on the floor.[4] The latter–defendant's alleged negligence in the maintenance of its premises – has been discussed above.

Neither party disputes that Defendant owed Plaintiff, a business invitee, a duty to exercise ordinary care in maintaining its premises in a reasonably safe condition. *Pavlik v. Wal-Mart Stores Inc.,* 753 N.E.2d 1007, 1010 (Ill. App. Ct. 2001); *Olinger v. Great Atlantic & Pacific Tea Co.,*, 173 N.E.2d 443, 445 (Ill. 1961). The parties do dispute breach and proximate cause.

> On the subject of breach and proximate cause, the Illinois Supreme Court has been clear:
>
> Where a business invitee is injured by slipping on a foreign substance on defendant's premises, *and there is evidence tending to show that the substance was on the floor through the acts of defendant or his servants,* the issue of negligence will be submitted to the jury.

---

[4]In order to prove this, Plaintiff must prove that Defendant had constructive notice of the butter on the floor, i.e., that if Defendant had been exercising reasonable care, Defendant would have known of the butter on the floor.

*Olinger,* 173 N.E.2d at 445 (emphasis added). Here, Plaintiff argues butter is a substance related to Defendant's business; but, no further evidence is offered other than the presence of the substance and the occurrence of the injury. The Illinois Supreme Court has said:

> [E]ven where there is proof that the foreign substance was related to defendant's business, but no further evidence is offered other than the presence of the substance and the occurrence of the injury, defendant is entitled to a directed verdict, such evidence being insufficient to support the necessary inference . . . . Where, however, in addition to the fact that the substance on the floor was a product sold or related to defendant's operations, the plaintiff offers some further evidence, direct or circumstantial, however slight, *such as* the location of the substance or the business practices of the defendant, from which it could be inferred that it was *more likely* that defendant or his servants rather than a customer, dropped the substance on the premises, courts have generally allowed the negligence issue to go to the jury, without requiring defendant's knowledge or constructive notice.

*Olinger*, 173 N.E.2d at 446 (emphasis added). Plaintiff admits she does not know how the butter came to be on the floor and does not claim that the butter was placed on the floor by negligence of Defendant or one of its employees. Instead, Plaintiff claims: that butter is sold at Wal-Mart stores and is therefore related to Defendant's business, and Defendant breached its duty of care when it allowed the butter to remain on the floor.

In order to create a triable issue of fact with respect to her ordinary negligence claim (whereby a showing of constructive notice is not required), Plaintiff must provide at least some evidence tending to show that the substance was more likely placed on the premises through the Defendant's negligence rather than a customer's. Plaintiff may have attempted to establish that it was more likely the butter was placed on the floor through Defendant's negligence by, for example, showing that: Defendant's employees traverse that specific aisle more often than customers, that employees handle butter more often than customers, that there had been a new

8

shipment of butter to the store that day, that there had been no butter sold that day, or that butter had been handled by employees in that general vicinity shortly before Plaintiff's fall.[5]

Plaintiff has offered no evidence demonstrating that it was more likely Defendant's agents who placed the butter on the floor, rather than a customer. In the case of *Olinger v. Great Atlantic & Pacific Tea Co.*, the Illinois Supreme Court was presented with facts almost identical to our own: plaintiff had slipped on a foreign substance, which he believed was cough syrup, in an aisle traversed both by employees of the defendant and customers. Plaintiff argued that because cough syrup was sold in defendant's store, despite the fact plaintiff knew not how the cough syrup came to be on the floor, he was entitled to his jury award. The Supreme Court of Illinois disagreed and directed the verdict, concluding that no inference could be drawn that it was more likely an employee of defendant dropped the substance than a customer. *Olinger,* 173 N.E.2d 443, 446 (Ill. 1961). As in *Olinger,* the Plaintiff here has failed to prove there is a triable dispute as to any material fact that tends to show that it was more probably through the negligence of one of Defendant's servants that the butter ended up on the floor rather than through the negligence of a customer.

Accordingly, this Court concludes Plaintiff's claim of ordinary negligence cannot survive a motion for summary judgment, as "a storekeeper is not the insurer of his customer's safety." *Olinger,* 173 N.E.2d at 446.

### IV. Summary

For the reasons stated above, the Court **GRANTS** Defendant Wal-Mart Stores, Inc's Motion for Summary Judgment **(#9)** and this case is terminated.

ENTER this 25th day of April, 2011.

                                                    s/ DAVID G. BERNTHAL
                                                    U.S. MAGISTRATE JUDGE

---

[5] In presenting these examples, the Court does not intend to express the view that such showings would, in all circumstances, create a genuine issue of material fact.